# United States Court of Appeals

*for the*

# Fifth Circuit

———————◆———————

Case No. 21-50097

LAURA ESCALANTE, Individually and for the benefit
of all wrongful death beneficiaries/heirs of Omar Miles White, Deceased,

*Plaintiff-Appellant,*

v.

BRANDY LIDGE, Individually and as next friend of Z.W.,

*Intervenor Plaintiff-Appellee,*

v.

CREEKSIDE LOGISTICS, L.L.C., doing business as Timber Transport, L.L.C.,

*Defendant-Appellee.*

————————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS IN NO. 5:18-CV-116,
HONORABLE RICHARD BERNARD FARRER, U.S. MAGISTRATE JUDGE

## BRIEF FOR PLAINTIFF-APPELLANT

ROBERT CLORE
MIKELL WEST
BANDAS LAW FIRM, P.C.
*Attorneys for Plaintiff-Appellant*
802 North Carancahua Street,
    Suite 1400
Corpus Christi, Texas 78401
(361) 238-2789

## CERTIFICATE OF INTERESTED PERSONS

(1) No. 21-50097; Laura Escalante, Individually and for the benefit of all wrongful death beneficiaries/heirs of Omar Miles White, Deceased v. Brandy Lidge, Individually and as Next Friend of Z.W. v. Creekside Logistics, LLC, doing business as Timber Transport, L.L.C.

(2) The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

Laura Escalante, Plaintiff-Appellant;

Robert W. Clore, Bandas Law Firm, P.C., Attorney for Appellant;

Mikell A. West, Bandas Law Firm, P.C., Attorney for Appellant;

Brandy Lidge, Intervenor Plaintiff-Appellee;

Michael Jacobellils, The Law Offices of Thomas J. Henry, Attorney for Appellee

Creekside Logistics, LLC, doing business as Timber Transport, L.L.C., Defendant-
    Appellee

*/s/Robert W. Clore*

**STATEMENT OF ORAL ARGUMENT**

Because this is a matter of first impression and disposes of Escalante's wrongful death benefits inequitably and without preserving her right to trial by jury, Escalante respectfully requests oral argument.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ i

STATEMENT OF ORAL ARGUMENT ............................................................ ii

TABLE OF AUTHORITIES ...................................................................... iv

STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION ............................1

STATEMENT OF ISSUES PRESENTED ............................................................1

STATEMENT OF THE CASE .....................................................................2

A.  Escalante's husband is killed in motor vehicle collision....................................2

B.  Escalante files suit against Creekside, intervenors join. ....................................3

C.  Creekside defaults and files for bankruptcy. ...........................................4

D.  Escalante and Intervenors Move for Default Judgment against Creekside. .......5

E.  Escalante Moves to Amend/Modify or for New Trial. ....................................7

SUMMARY OF THE ARGUMENT ...................................................................8

STANDARD OF REVIEW..........................................................................9

ARGUMENT ......................................................................................9

I.   Escalante's well-pleaded complaint required entry of a default judgment. .......9

II.  The district court improperly deprived Escalante of the right to trial by jury by conclusively resolving standing and liability against Escalante, the non-defaulting party, through default judgment. ...................................................13

CONCLUSION ....................................................................................16

CERTIFICATE OF SERVICE.......................................................................18

CERTIFICATE OF COMPLIANCE WITH RULE 32(A) .....................................19

# TABLE OF AUTHORITIES

**Cases**

*Bieganek v. Taylor*, 801 F.2d 879 (7th Cir. 1986). ...................................................15

*Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2004-3, Asset-Backed Certificates, Series 2004-3 v. Rodriguez*, No. CV H-17-2483, 2018 WL 1475239, at *1 (S.D. Tex. Feb. 27, 2018), *report and recommendation adopted sub nom. Deutsche Bank Nat'l Tr. Co. v. Rodriguez*, No. 4:17-CV-2483, 2018 WL 1468707 (S.D. Tex. Mar. 21, 2018) ............................................................15

*Envirogen Techs., Inc. v. Maxim Constr. Corp.*, No. 14 C 2090, 2016 WL 5720380 (N.D. Ill. Sep. 30, 2016) ............................................................. 12, 14

*Frow v. De La Vega*, 82 U.S. 552, 21 L. Ed. 60 (1872) .........................................13

*In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576 (5th Cir. 2014) ..................................................................................................9

*In re Consol. Pretrial Proceedings in Air W. Sec. Litig.*, 436 F. Supp. 1281 (N.D. Cal. 1977)................................................................................................11

*In re Uranium Antitrust Litig.*, 617 F.2d 1248 (7th Cir. 1980) ..............................14

*Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000) ...................................................9

*Nat'l Liab. & Fire Ins. Co. v. Young*, 6:19-CV-031-H, 2020 WL 6122546 (N.D. Tex. Feb. 19, 2020)........................................................................................14

*Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200 (5th Cir. 1975)........10

*Penn-Star Ins. Co. v. Barr-Bros, Plastering, Co., Inc.,* No. 2:10-CV-587, 2011 WL 795062 (S.D. Ohio Feb. 28, 2011)......................................................................15

*United States v. $23,000 in U.S. Currency*, 356 F.3d 152 (1st Cir. 2004) .............10

**Statutes**

28 U.S.C. § 1291 .......................................................................................................1

28 U.S.C. § 1332 .......................................................................................................1

**Other Authorities**

Tex. Const. art. I, sec. 15 ........................................................14

U.S. Constitution, 7th Amend....................................................14

**Rules**

Fed. R. Civ. P. 55 ................................................................8, 10

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

The district court had jurisdiction under 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship. Appellant Laura Escalante is a citizen of Texas, the Defendant-Appellee (Creekside Logistics, LLC d/b/a Timber Transport, LLC) is a citizen of another state, and the amount in controversy exceeds $75,000. Dkt. 1; RE-33. This Court has jurisdiction under 28 U.S.C. § 1291. On October 29, 2020, the court granted default judgment in favor of Intervenor Brandy Lidge and against Defendant Creekside Logistics, LLC, denied Escalante's motion for default judgment, and entered a take-nothing judgment against her. RE-20-32. On November 25, 2020, Escalante filed an Amended Motion to Motion to Alter or Amend Judgment or in the Alternative, Motion for New Trial. Dkt. 151; RE-18. On January 11, 2021, the trial court denied the motion. RE-33-34. Escalante filed a timely notice of appeal. RE-35; Fed. R. App. P. 4.

## STATEMENT OF ISSUES PRESENTED

(1)     The district court abused its discretion in entering default judgment in favor of Intervenors while denying default judgment as to Appellant Laura Escalante. Escalante pleaded entitlement to wrongful-death benefits as the common-law wife of decedent Omar Miles White, and the court abused its discretion in failing to accept Escalante's well-pleaded factual allegations as true. The court further abused its discretion in finding that the evidence supported a finding that Lidge rather than

Escalante was the common-law wife.

(2)    The district court abused its discretion by entering default judgment in favor of Lidge but not in favor of Escalante, denying Escalante her right to trial by jury under the Seventh Amendment to the United States Constitution and under Article I, section 15 of the Texas Constitution by sua sponte adjudicating a conflicting issue of fact.

### STATEMENT OF THE CASE

This is an appeal from a final judgment following the district court's order denying Escalante's Motion for Default Judgment and ordering that Escalante take nothing against Defendant below Creekside Logistics, LLC.

### A. Escalante's husband is killed in motor vehicle collision.

On or about December 15, 2017, Willie Curtis Bryant ("Bryant") was operating a 2015 Freightliner tractor with an attached trailer, traveling south on SW 1920 in Andrews, Texas.  Creekside Logistics, LLC d/b/a Timber Transport, LLC ("Creekside"), was the registered motor carrier for the tractor trailer being operated by Bryant.  The 2015 Freightliner tractor driven by Bryant was also owned by Creekside.  Bryant was stopped at a stop sign at the intersection of the 100 bock of SW 1920 and 2000 West State Highway 176.

Escalante's decedent, Omar Miles White ("White"), was operating a 2014 Chrysler 300, traveling eastbound on the 2000 block of West State Highway 176.

Bryant failed to yield the right-of-way at the stop sign and pulled into the intersection, causing the vehicle operated by White to collide with the passenger side of the tractor and trailer. White died as a result of the injuries sustained in the collision with the tractor-trailer operated by Bryant.

### B. Escalante files suit against Creekside, intervenors join.

On February 6, 2018, Escalante sued Creekside for the wrongful death of White, her common-law husband. ROA.20. On June 21, 2018, Brandy Lidge, individually and on behalf of her minor child, and Tamisha Hamilton, on behalf of her minor child, intervened in Escalante's lawsuit. ROA.97. Lidge's intervention included allegations that she, and not Escalante, was White's common-law wife. Creekside originally answered, appeared, and defended against Escalante's allegations.

On July 26, 2018, Intervenor Lidge moved for summary judgment on her claim to be White's common-law wife. ROA.127. On August 1, 2018, Escalante also moved for summary judgment on her claim to be White's common-law wife. ROA.156. Escalante and Lidge filed responses in opposition to each other's motions and Creekside filed responses in opposition to both. ROA.248; ROA.281; ROA.322; ROA.380. The district court denied both motions by written order on September 7, 2018, finding that "the record presents genuine disputes of material

3

fact regarding the establishment of informal marriages both between White and Lidge and between White and Escalante." ROA.443.

## C. Creekside defaults and files for bankruptcy.

During the pendency of the litigation, the liability carrier for Creekside went into receivership. On November 22, 2019, the district court allowed Creekside's attorneys to withdraw and ordered Creekside to obtain new counsel in order to avoid a default judgment. ROA.15 (Text Orders entered by district court). Creekside failed to obtain new counsel.

On January 21, 2020, Escalante filed an Application for Entry of Default and Default Judgment. ROA.1940. Later the same day, Intervenors likewise moved for entry of a default. ROA.1969. On January 24, 2020, the clerk entered a default against Creekside. ROA.1976; ROA.1977.

Shortly thereafter, Creekside filed for bankruptcy in the United States Bankruptcy Court for the Middle District of Alabama, Northern Division. On May 22, 2020, Escalante filed notice with the district court advising of the pending bankruptcy proceedings for Creekside. ROA.1982. On June 8, 2020, the district court entered an order administratively closing the case. ROA.1991.

Escalante entered an appearance as a creditor in the pending bankruptcy proceedings. On August 25, 2020, Judge Bess M. Parrish Creswell of the United States Bankruptcy Court for the Middle District of Alabama, Northern Division,

entered an order in Case No. 20-31215, *In re: Creekside Logistics, LLC*, granting Escalante's motion for relief from automatic stay under the Bankruptcy Code. The order was entered for the purposes of allowing Escalante to pursue her claims against Creekside before the district court below.

Having obtained relief from the automatic stay, Escalante filed a motion in the district court to reopen the case to allow Escalante to pursue a default judgment against Creekside. ROA.1993. On August 28, 2020, the district court entered an order granting Escalante's motion to reopen the case. ROA.17 (Text Order entered by district court).

### D. Escalante and Intervenors Move for Default Judgment against Creekside.

On September 14, 2020, Escalante filed her Motion for Default Judgment and Motion for Expedited Relief seeking the entry of a default judgment against Creekside for the wrongful death of White. ROA.133. In support of her motion, Escalante argued that she was the common law spouse of Omar Miles White, that White was killed in a motor vehicle collision as the result of the negligence of Creekside Logistics, LLC, acting through its agent and employee William Curtis Bryant.

Accompanying Escalante's Motion for Default, Escalante attached her affidavit, school records for her son whom White cared for and helped to raise, mementos of her relationship with White, bank statements from her joint account

with White, photos of Escalante and White and their family, and the deposition testimony of Amie Carlisle, a custodian of records for White's employer who maintained documents evidencing Escalante's and White's status as husband and wife. No response was filed to Escalante's Motion for Default Judgment.

Subsequently, Intervenors filed their Motion for Default Judgment against Creekside. ROA.2047. Intervenors attached the deposition and declaration of Lidge, photos, and documents concerning White's two minor children. On September 21, 2020, Escalante filed a response to Intervenors' Motion for Default judgment advising the Court that Intervenors had not obtained relief from the automatic bankruptcy stay and that Intervenors' motion was, therefore, not properly before the district court. ROA.2207.

On October 23, 2020, the district court held a telephonic hearing on both pending motions for default judgment. The district court acknowledged an issue involved in the two competing motions for default judgment in that both Escalante and Lidge sought relief as White's common-law wife. Escalante argued that, although the two competing default judgments would be inconsistent with each other and may subject Creekside to additional liability, that was a result of Creekside's default and failure to appear and defend itself against Escalante's and Intervenors' claims. Escalante further argued that Intervenors' motion for default was not properly before the district court as Intervenors' claims were still automatically

stayed due to Creekside's pending bankruptcy. Intervenors argued that the district court could simply ignore the automatic stay and that only one of the two pending motions for default could be granted due to the potentially conflicting findings. The district court recessed the hearing to allow Intervenors opportunity to seek relief from the automatic stay.

The district court resumed the hearing on the motions for default on October 28, 2020 but did not hear further argument on the record. On October 29, 2020, Intervenors filed with the district court an order granting them relief from the automatic stay in Creekside's pending bankruptcy. ROA.2239. On October 29, 2020, the district court entered an order denying Escalante's motion for default judgment and ordering that she take nothing by way of her claims. ROA.2242. In the same order, the district court granted Intervenors' motion in part. *Id.* The district court's order explained its ruling was based on a factual determination that Lidge and White had an informal marriage and were never divorced, thus precluding Escalante's claim to be White's common-law wife. On October 29, 2020, the district court issued its final judgment in conformity with its order on the competing motions for default judgment. ROA.2253.

### E. Escalante Moves to Amend/Modify or for New Trial.

On November 25, 2020, Escalante timely filed her Motion to Alter or Amend Judgment or in the Alternative Motion for New Trial. ROA.2255. Escalante argued

that the district court, in light of Creekside's default, was required to accept the well-pleaded factual allegations in Escalante's motion for default judgment and that the potentially conflicting result with Intervenor's motion for default judgment did not alter the trial court's obligation.

Alternatively, Escalante argued that if the district court was going to fail to accept Escalante's well-pleaded factual allegations as true, Escalante was entitled to have a jury determine any disputed issues of material fact necessary to resolve the competing motions for default judgment.

This district court entered an order on January 11, 2021, denying Escalante's motion, again relying upon Fed. R. Civ. P. 55 for its authority to "consider evidence or investigate any matter when evaluating the merits of a motion for default judgment.  ROA.2266.  Escalante timely filed her Notice of Appeal.  ROA.2270.

## SUMMARY OF THE ARGUMENT

This is a matter of first impression arising from an irreconcilable conflict between two mutually exclusive claims for relief that have both been judicially admitted by virtue of a defendant's default. In the district court below, both Escalante and Intervenor Lidge claim to have been the common-law wife of Omar Miles White. Rather than acknowledge that Creekside, the defaulting defendant, admitted by its default to liability to both conflicting claims, or reserving the resolution of the disputed issue of material fact for determination by a jury, the district court chose to

forge an unprecedented and unquestionably inequitable path by disregarding Escalante's well-pleaded factual allegations, making a factual determination that Escalante was not White's common-law wife, and entering a final judgment that she take nothing. This Court must set aside the trial court's judgment, render that Escalante is entitled to a default judgment against Creekside, and remand for a determination of Escalante's damages. In the alternative, the Court should set aside the trial court's judgment and remand this matter for a jury trial to resolve the disputed issue of material fact as to whether Escalante or Intervenor is White's common-law spouse.

## STANDARD OF REVIEW

An appeal from a default judgment is reviewed under the abuse of discretion standard. *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014). "Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). Any factual determinations underlying that decision are reviewed for clear error. *Id.*

## ARGUMENT

### I.    Escalante's well-pleaded complaint required entry of a default judgment.

The district court abused its discretion in failing to accept Escalante's well-pleaded factual allegations as true.  Instead, the district court disregarded Escalante's

well-pleaded facts and determined, based upon consideration of conflicting pleadings and evidence presented by Intervenors in pursuit of their own default judgment, and inappropriately made a factual determination that Escalante was not White's spouse.

A court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit. *See* Fed. R. Civ. P. 55(a), (b)(2); *United States v. $23,000 in U.S. Currency*, 356 F.3d 152, 163-64 (1st Cir. 2004). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact…." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

In Plaintiff's First Amended Complaint, Escalante alleged that she was the common-law wife of decedent Omar Miles White. ROA.2227. Escalante further alleged that on December 15, 2017, William Curtis Bryant, an employee of Creekside Logistics, LLC, failed to yield the right of way at a stop sign, pulled into the intersection of SH 176 and Loop 1910, and caused a vehicle operated by Omar Miles White to collide with the passenger side of the tractor trailer Bryant was operating. As a result of the collision Omar Miles White was killed.

Creekside defaulted by failing to retain counsel to appear before the district court after Creekside's prior counsel were allowed to withdraw. ROA.15 (Text orde entered by district court). Not only was Creekside's failure a direct violation of the

district court's November 22, 2019 order, it left Creekside unrepresented and unable to continue to defend itself in the litigation below.  Thus, the clerk appropriately entered a default against Creekside on January 24, 2020.  ROA.1974; ROA.1976. Therefore, the district court was bound to accept Escalante's well pleaded facts as true and binding against Creekside for the purpose of considering of Escalante's motion for default judgment.

The district court undertook to weigh the evidence in comparison to evidence put forth by Intervenors despite the fact that Judge Garcia found this same evidence sufficient to create a fact issue and preclude judgment as a matter of law when Creekside opposed Escalante's Motion for Summary Judgment.  But, this weighing of evidence as to Creekside's liability to Escalante was unnecessary.  Creekside's default mooted the question of fact by admitting, for purposes of default against Creekside, Escalante's allegations of common-law marriage.  When default has been entered in a case in which there exists conflicting but legitimate evidence on both sides, court is bound to enter judgment for party in whose favor default has been entered.   I*n re Consol. Pretrial Proceedings in Air W. Sec. Litig.*, 436 F. Supp. 1281, 1285 (N.D. Cal. 1977).

Although Escalante's and Intervenors' allegations appeared to the Court to be in conflict, in fact each set of alleged and admitted facts operate independently against Creekside by its default and neither Escalante nor Intervenors should be

bound to each other's allegations by virtue Creekside's default. Other courts have determined that, in the face of conflicting claims against a single defaulting defendant, the balance of equities requires that the consequences of conflicting admissions occasioned by a defendant's default should fall upon the defaulting party. *See Envirogen Techs., Inc. v. Maxim Constr. Corp.*, No. 14 C 2090, 2016 WL 5720380, at *7-8 (N.D. Ill. Sep. 30, 2016) ("Maxim argues that this second default judgment will result in inconsistent judgments because Envirogen's and the City's well-pleaded allegations are mutually exclusive, yet the defaults require that both sets of allegations are accepted as true. … The Court is mindful of the fact that, in these convoluted circumstances, a double default that raises questions about internal consistency may seem to be particularly harsh. …the Court recognizes that if the loss does not fall on Maxim it will be shifted to the City, which has patently done nothing wrong. The only equitable solution in this situation is to allocate the loss to the defaulting party rather than the active and compliant party."). Escalante is not aware of any authority

In light of Creekside's default, the district court was not empowered to disregard Escalante's well-pleaded facts to determine that Escalante and White were not married at the time of White's death. Taken as true, Escalante's allegations equate not only to a finding that the negligence of Creekside Logistics, LLC proximately caused the death of Omar Miles White, but that, for purposes of

Escalante's claims against Creekside, Escalante and White were married. The fact that Creekside may be bound by conflicting admissions to its own detriment is the risk of its default. The district court should have entered an order granting Escalante's motion for default judgment. This Court should set aside the district court's orders and final judgment and should remand this case to the district court for a determination of Escalante's damages and entry of a final default judgment in her favor.

## II. The district court improperly deprived Escalante of the right to trial by jury by conclusively resolving standing and liability against Escalante, the non-defaulting party, through default judgment.

Escalante is aware of no case like this one where a district court conclusively resolved a claim against a plaintiff *moving* for default judgment by granting a competing motion for default judgment. Rather than assuming the presumptions afforded by the defendant's default, her claims were affirmatively adjudicated with prejudice against her without the benefit of a trial by jury, which Escalante requested. ROA.2227.

In other contexts, courts prohibit default judgment when it will prejudice the non-defaulting party. "The United States Supreme Court decision in *Frow*[1] stands for the proposition that district courts must not allow default judgments against

---

[1] *Frow v. De La Vega*, 82 U.S. 552, 554, 21 L. Ed. 60 (1872).

defaulting defendants to create logically inconsistent judgments in cases where some defendants have not defaulted." *Nat'l Liab. & Fire Ins. Co. v. Young*, 6:19-CV-031-H, 2020 WL 6122546, at *2 (N.D. Tex. Feb. 19, 2020) (citing *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1257–58 (7th Cir. 1980); *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944–45 (4th Cir. 1967)). Although not directly on point, an opinion from the Northern District of Illinois recognized that when the choice is between imposing double liability on the defendant or shifting the burden to a non-defaulting party, "[t]he only equitable solution … is to allocate the loss to the defaulting party[.]" *Envirogen*, 2016 WL 5720380 135344, at *7-8.

The rule that a court should not enter default judgment because it will prejudice a non-defaulting defendant and create a risk of inconsistent judgments should apply equally to plaintiffs. That is, a defendant's default should never extinguish one plaintiff's cause of action in favor of another because of potentially conflicting judgments. The prejudice to Escalante is complete deprivation of her right to trial by jury under the Seventh Amendment to the United States Constitution and under Article I, section 15 of the Texas Constitution through the district court's sua sponte adjudication of a conflicting issue of fact.

The court's resolution of an irreconcilable factual conflict between the well-pleaded facts alleged in Escalante's and Lidge's pleadings was properly reserved to the province of a jury, requiring either a double default or the denial of both

14

Appellant's and Intervenors' motions for default. *See Deutsche Bank Nat'l Tr. Co. for Long Beach Mortg. Loan Tr. 2004-3, Asset-Backed Certificates, Series 2004-3 v. Rodriguez*, No. CV H-17-2483, 2018 WL 1475239, at *1 (S.D. Tex. Feb. 27, 2018), *report and recommendation adopted sub nom. Deutsche Bank Nat'l Tr. Co. v. Rodriguez*, No. 4:17-CV-2483, 2018 WL 1468707 (S.D. Tex. Mar. 21, 2018) ("In cases involving multiple defendants, however, 'courts frequently prefer to delay the default judgment against defaulting defendants until the claims against the nondefaulting defendants are resolved' in order to avoid inconsistent judgments") (citing *Penn-Star Ins. Co. v. Barr-Bros, Plastering, Co., Inc.,* No. 2:10-CV-587, 2011 WL 795062 (S.D. Ohio Feb. 28, 2011)). "When it appears, as here, that there is a genuine dispute concerning material facts, it weighs in favor of a trial to decide those factual disputes in preference to judgment by default in which facts cannot be disputed and decided." *Bieganek v. Taylor*, 801 F.2d 879, 882 (7th Cir. 1986).

By accepting evidence put forth by Lidge and thereby holding Creekside to have admitted Intervenor's allegations of a prior common-law marriage, the Court burdened Escalante with the consequences of Creekside's default instead of acknowledging the default against Creekside and requiring Creekside to bear the consequences of its own default. Accordingly, the district court abused its discretion in granting default in favor of Lidge at the expense of Appellant, and in conclusively

resolving a fact issue on liability against a non-defaulting party. This Court should set aside the district court's orders and remand this case for trial.

## CONCLUSION

Escalante's well-pleaded factual allegations mandate that she is entitled to a default judgment and awarded damages in an amount to be determined by the trial court regardless of any conflicting claims by Intervenors and despite the fact that it may subject a defaulting defendant to double liability. This Court should reverse the district court's judgment, render that Escalante is entitled to a default judgment in her favor, and remand the matter to the trial court for a determination of her damages. In the alternative, this Court should set aside the trial court's orders in their entirety and remand this case for trial to resolve the irreconcilable factual allegations arising from Escalante's and Intervenor's competing claims of common-law marriage.

Respectfully submitted,

/s/  Robert William Clore
Robert W. Clore
Mikell A. West
Bandas Law Firm, P.C.
*Attorney for Laura Escalante*
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Tel: (361) 698-5200
Fax: (361) 698-5222

rclore@bandaslawfirm.com

*Attorneys for Appellant Laura Escalante*

## Certificate of Service

I hereby certify that on August 10, 2021, I filed the foregoing Opening Brief via the CM/ECF filing system of the United States Court of Appeals for the Fifth Circuit; and, as a result, each counsel of record was given notice of and was served with an electronic copy of this Brief.

Upon acceptance by the Court of the e-filed document, 7 paper copies will be filed with the Court within the time provided in the Court's rules via Federal Express.


 /s/  Robert William Clore
Robert William Clore

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3,582 words. This brief complies with the typeface requirements of Fed. R. App. P.  32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font and is double-spaced.


Dated: August 10, 2021                    /s/  Robert William Clore
                                          Robert William Clore