No. 21-50097

# In the
# United States Court of Appeals
# for the Fifth Circuit

LAURA ESCALANTE, INDIVIDUALLY AND FOR THE BENEFIT OF ALL
WRONGFUL DEATH BENEFICIARIES/HEIRS OF OMAR MILES WHITE,
DECEASED,

*Plaintiff-Appellant*

v.

BRANDY LIDGE, INDIVIDUALLY AND AS NEXT FRIEND OF Z.W.,

*Intervenor Plaintiff-Appellee*

v.

CREEKSIDE LOGISTICS, L.L.C., DOING BUSINESS AS TIMBER
TRANSPORT, L.L.C.

*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
CIVIL ACTION NO. 5:18-CV-116

## BRIEF OF INTERVENOR PLAINTIFF-APPELLEE
## BRANDY LIDGE, INDIVIDUALLY AND AS NEXT FRIEND OF Z.W.

Michael Jacobellis
Thomas J. Henry, P.L.L.C.
5711 University Heights Boulevard, Suite 101
San Antonio, Texas 78249
Phone: (210) 656-1000/Fax: (888) 956-8001
mjacobellis-svc@thomasjhenrylaw.com

**COUNSEL FOR INTERVENOR PLAINTIFF-APPELLEE**

i

**CERTIFICATE OF INTERESTED PERSONS**

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

**I.**
Plaintiff-Appellant

a) Laura Escalante, Individually and for the benefit of all wrongful death beneficiaries/heirs of Omar White, Deceased.

Counsel for Plaintiff-Appellant

b) Robert William Core, Bandas Law Firm, P.C., 802 N. Carancahua Street, Suite 1400, Corpus Christi, Texas 78401; and,

c) Mikell A. West, Bandas Law Firm, P.C., 802 N. Carancahua Street, Suite 1400, Corpus Christi, Texas 78401.

**II.**
Defendant-Appellee

a) Creekside Logistics, LLC, doing business as Timber Transport, L.L.C.

Counsel for Defendant-Appellee

b) Counsel Not Retained

**III.**
Intervenor Plaintiff-Appellee

a) Brandy Lidge, individually and as next friend of Z.W.

b) Tamisha Hamilton, as next friend of T.H.

Counsel for Intervenor Plaintiff-Appellee

c) Michael Jacobellis, Thomas J. Henry, P.L.L.C., 5711 University Heights Boulevard, Suite 101, San Antonio, Texas 78249.

*/s/ Michael Jacobellis*
Michael Jacobellis

## STATEMENT REGARDING ORAL ARGUMENT

Because this appeal concerns the well-established grounds in which the Court may enter a default judgment or set aside a final default judgment, oral argument is unnecessary to aid the Court's decisional process.

# TABLE OF CONTENTS

Certificate of Interested Persons …………………….…....…………………………i

Statement Regarding Oral Argument ………………..…………………………iii

Table of Authorities ………………...……………………………..……………v

Issues Presented ………………………...……………………………………….3

Statement of the Case ……………………………….……………………………..3

Summary of the Argument …………...………………….……………..……10

Standard of Review ……………………………………………………………10

Argument ………………………….…………………………………….……12

   I.   Did the District Court abuse its discretion by denying Escalante's
motion for default judgment based on Escalante's allegation that
she was the common-law spouse of Omar White? …………..………..…..12

   II.   Did the District Court abuse its discretion by denying Escalante's
Rule 59 Motion to Alter or Amend Judgment or in the Alternative
Motion for New Trial?..……………………………………….…....…..…..14

Conclusion…………………….……………………………………...………17

Certificate of Service….…….…………………………………………...……18

 Certificate of Compliance………………...……………………………………19

TABLE OF AUTHORITIES

CASES                                                                    PAGES(S)

*United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)………………8

*Sindhi v. Raina,* 905 F.3d 327 (5th Cir. 2018)…………………………………………..10

*Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000)…………………………...…….11

*T. B. by & through Bell v. Nw. Indep. Sch. Dist.*,
        980 F.3d 1047, 1051 (5th Cir. 2020)…………………………………………11

*Templet v. HydroChem, Inc*., 367 F.3d 473, 178-79
        (5th Cir. 2004)......…………………………………………………………11, 15-16

*Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)…………………11, 16

*Garriott v. NCsoft Corp.*, 661 F.3d 243, 248 (5th Cir. 2011)……………………..11

*Hernandez v. Siemens Corporation,* 726 Fed.Appx. 267, 268
        (5th Cir. 2018)…………………………………………………………....…11, 16

*United States ex rel. M-Co Constr., Inc, v. Shipco Gen., Inc.¸*
        814 F.2d 1011, 1014 (5th Cir. 1987)…………………………...……………14


RULES

FED. R. CIV. P. 59………………………………………………………….3, 10-11, 14-16

No. 21-50097

# In the
# United States Court of Appeals
# for the Fifth Circuit

LAURA ESCALANTE, INDIVIDUALLY AND FOR THE BENEFIT OF ALL
WRONGFUL DEATH BENEFICIARIES/HEIRS OF OMAR MILES WHITE,
DECEASED,

*Plaintiff-Appellant*

v.

BRANDY LIDGE, INDIVIDUALLY AND AS NEXT FRIEND OF Z.W.,

*Intervenor Plaintiff-Appellee*

v.

CREEKSIDE LOGISTICS, L.L.C., DOING BUSINESS AS TIMBER
TRANSPORT, L.L.C

*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
CIVIL ACTION NO. 5:18-CV-116

## BRIEF OF INTERVENOR PLAINTIFF-APPELLEE
## BRANDY LIDGE, INDIVIDUALLY AND AS NEXT FRIEND OF Z.W.

TO THE HONORABLE U.S. COURT OF APPEALS FOR THE FIFTH CIRCUIT:

This appeal concerns a default judgment finding Appellee Brandy Lidge was the common-law spouse of decedent Omar White and that Appellant Laura Escalante was not. Laura Escalante ("Escalante") brought a wrongful death claim

against Creekside Logistics, LLC ("Creekside") for the death of Omar White ("White") arising out of a motor vehicle collision. ROA.20. Brandy Lidge ("Lidge") intervened, individually and as next friend of Z.W., White's biological child. ROA.49. Both Lidge and Escalante claimed they were in a common-law marriage to White at the time of his death. ROA.20, 97. Creekside's insurer, Spirit Commercial Auto Risk Retention Group, was placed into receivership on January 14, 2019. ROA.1716-1717. Citing their inability to be paid, Creekside's attorneys moved to withdraw. ROA.1776. After Creekside's attorneys were allowed to withdraw, Creekside defaulted. ROA.1976. Both Escalante and Lidge applied for a default judgment against Creekside. ROA.2009, 2047. The District Court determined that Lidge, not Escalante was the common-law spouse of White and denied relief to Escalante. ROA.2242-2254.

Escalante seeks relief from the District Court's final default judgment on the premise that the District Court should have granted her motion for default judgment based on Escalante's "well-pleaded factual allegations" alone and without considering evidence presented by Lidge, which established that Lidge was White's common-law spouse.

The District Court acted within its discretionary power when it found that Escalante was not White's common-law spouse, and therefore Escalante suffered no wrongful death or survival damages.

Escalante waived any right she had to trial by jury when she requested that the Court determine damages in an expedited hearing.

## ISSUES PRESENTED

1. **Did the District Court abuse its discretion by denying Escalante's motion for default judgment based on Escalante's allegation that she was the common-law spouse of Omar White?**

2. **Did the District Court abuse its discretion by denying Escalante's Rule 59 Motion to Amend or Alter Judgment or in the Alternative Motion for New Trial?**

## STATEMENT OF THE CASE

### Procedural History

Laura Escalante sued Creekside Logistics following the death of Omar White, who was killed when a tractor-trailer owned by Creekside Logistics pulled out from an intersection into the path of White's car. ROA.20. Laura Escalante sued for wrongful death damages claiming that she was White's common-law spouse at the time of his death. ROA.20.

Brandy Lidge and Tamisha Hamilton intervened in the suit. ROA.49. Brandy Lidge intervened individually and as next friend of minor Z.W., White's biological child. Lidge claimed that she was the common-law spouse of Omar White at the time of his death. ROA.97. Tamisha Hamilton intervened on behalf of minor T.H., another biological child of White. ROA.97-98.

**Creekside's Insurer Goes into Receivership**

Creekside was insured by Spirit Commercial Auto Risk Retention Group ("Spirit"). ROA.1716-1717. On January 14, 2019, Spirit was placed in receivership by the Nevada Department of Insurance. ROA.1716. The receiver stopped paying claims, and stopped paying the defense cost for Creekside. ROA.1745-1746.

**Creekside's Counsel Moves to Withdraw**

Citing lack of payment, Creekside's counsel moved to withdraw. ROA.1776.

On November 6, 2019, the District Court issued an order denying Creekside's attorneys' motion to withdraw. ROA.1879. In that Order, the District Court asked the parties how they proposed to proceed.

> What, then, do the parties propose the…Court do next?... The choices at this juncture appear to include, but are not necessarily limited to: (1) dismissal for want of jurisdiction, should the jurisdictional defects remain uncured; (2) properly supported motion(s) seeking default judgment and further proceedings on damages; (3) a jury trial at which Creekside will apparently lodge no defense; or (4) an agreed upon resolution of the dispute.

ROA.1884. The District Court directed the parties to file a joint advisory to address how the parties propose the action proceed. ROA.1885.

**The Parties Submit a Joint Advisory**

The parties conferred and jointly submitted the following plan:

> If [Creekside's] Motion to Withdraw is granted, the remaining parties to this litigation propose that they be given 30 days from the date the withdrawal is granted to

file a properly supported motion seeking default judgment **and providing evidence in support of requested damages in the event the default is granted**.

In the event the withdrawal is denied, the parties propose that the case be reset for trial, where counsel for Creekside will present the best defense available under the circumstances. The parties request that the case be set for trial no earlier than January, 2020.

ROA.1898-1899. (emphasis added).

On November 22, 2019, the Court permitted Creekside's counsel to withdraw and ordered Creekside to obtain new counsel within 30 days of its order to avoid a default judgment. ROA.15. In accordance with the proposal contained in the parties' joint advisory, the District Court required plaintiff and intervenors to move for entry of default and default judgment. ROA.15.

### PLAINTIFF AND INTERVENORS MOVE FOR ENTRY OF DEFAULT

Creekside failed to obtain new counsel as ordered, and Escalante and Lidge moved for entry of default and default judgment. ROA.1940, 1969. In Escalante's application for entry of default, she acknowledged that the Court would determine the amount of damages. ROA.1941. ("In order to enter a judgment, however, the Court must determine the amount of damages." ROA.1941.). Consistent with Escalante's statement that the Court determine damages, she presented her arguments and evidence to support her claim that she was the common-law spouse of Omar White. ROA.1942-1944.

On January 24, 2020, the clerk entered a default against Creekside Logistics. ROA.1976.

**Creekside Files for Bankruptcy**

On May 20, 2020, Escalante filed a notice that Creekside had filed for Chapter 7 Bankruptcy. ROA.1982. The District Court directed the clerk to administratively close the case. ROA.1991.

**Escalante's Second Motion for Default**

On August 28, 2020, Escalante filed a Motion to Reopen Case; Motion for Expedited Hearing and Motion for Default Judgment against Creekside. ROA.1993. Escalante notified the court that she obtained relief from the automatic stay under the Bankruptcy Code. ROA.1994. She also reminded the Court of the October 31, 2020 deadline to file a claim with the receiver for Spirit. ROA.1995. In the Motion for Expedited Hearing, Escalante requested that the Court consider the motion

> **as expeditiously as possible** to allow the Plaintiff sufficient time to move the Court for, and obtain an order of default judgment against Creekside Logistics, LLC, and timely assert her claim in the pending Spirit receivership.

ROA.1995.

In granting Escalante's Motion to Reopen, the Court ordered that "if expedited relief is sought on the request for default judgment, a motion requesting such relief should be filed on or before September 14, 2020." ROA.17.

6

On September 14, 2020, Escalante filed her Motion for Default Judgment. ROA.2009. She argued that due to Creekside's default, it should be taken as true that "the negligence of Creekside's Logistics, LLC, proximately caused the death of Omar Miles White," ROA.2011. Escalante did not argue that her damages as a wrongful death beneficiary were taken as true, nor did she request a jury trial on the amount of damages. ROA.2011. Rather, due to the imminent deadline to file a liquidated claim with the receiver, Escalante requested that the Court make findings as to the amount of damages. ROA.2014. In support of its motion, Escalante provided the District Court with Escalante's affidavit and other evidence to establish that Escalante was the common-law spouse of Omar White at the time of his death. ROA.2011-2013, 2018-2044.

Lidge and Hamilton filed their motion for default judgment on the same day as Escalante, with supporting affidavits to prove that Lidge was the common-law spouse of Omar White. ROA.2047-2164. Escalante opposed Lidge's Motion because Lidge had not obtained relief from the bankruptcy stay. ROA.2207.

**October 23, 2020 Hearing**

The court set both motions for default judgment for a telephonic hearing on October 23, 2020. ROA.2222. In the Order setting the hearing, the Court stated it accepts as true the complaint's well-pleaded factual allegations "except regarding damages." ROA.2224. The Order also stated that "damages ordinarily may not be

awarded via default judgment 'without a hearing or demonstration by detailed affidavits establishing the necessary facts.'" ROA.2225. (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

At the October 23rd hearing, the Court acknowledged that the parties needed a judgment in order to comply with a deadline for claims established by the receiver for Spirit. "As I understand, there's a deadline here at the end of the month or right before the end of the month, the 30th I think, for claims to be filed in bankruptcy of the insurer of the defendant." ROA.2277-2278. As Escalante, but not Lidge, obtained relief from the automatic stay entered in Creekside's bankruptcy, the Court continued the hearing. ROA.2292. Counsel for Escalante advised the Court that the parties had briefed the issue of common-law status and stated that "[t]he evidence is before the Court." ROA.2295.

**October 28, 2020 Hearing**

The Court set a second telephonic hearing on October 28. ROA.2237. At that hearing, counsel for intervenors advised the Court that intervenors had obtained relief from the automatic stay.[1]

**The Court Grants Intervenors' Motion for Default**

On October 29, 2021. the Court issued an Order finding that Lidge, not Escalante, was the common-law spouse of Omar White at the time of his death.

---

[1] The recording of that telephonic hearing is incomplete. ROA.2299-2301.

ROA.2242, 2247. The Order awarded damages to Lidge, individually and as next friend of Z.W., and to Tamisha Hamilton, as next friend of T.H. ROA.2248-2250.

**Escalante Moves to Alter or Amend Judgment or in the Alternative for New Trial**

On November 25, 2020, Escalante filed a Motion to Alter or Amend Judgment or in the Alternative Motion for New Trial. ROA.2255. Escalante argued, for the first time, that the Court could not "accept one set of allegations as admitted by default to the detriment of another non-defaulting party." ROA.2261. In essence, Escalante argued that the Court should not have entered the default judgment, despite the multiple requests by Escalante that the Court enter a default judgment before October 31, 2020. Escalante argued, in the alternative, that the Court should have empaneled a jury to make factual determinations of damages. ROA. 2255.

On January 11, 2021, the District Court denied Escalante's motions. ROA.2266-2267. The Court stated:

> Escalante hasn't cited any authority to support her belief that the Court must accept her pleadings as true when (1) those pleadings conflict with the undisputed evidence of record; (2) doing so would be contrary to Texas law, which only permits one surviving spouse; and (3) Escalante's ability to establish herself as the surviving spouse directly implicates the Court's subject matter jurisdiction. Nor has Escalante provided any authority to suggest that she is entitled to submit a legal issue to a jury for determination.
>
> As the Court explained in its default judgment order, the Court may consider evidence or investigate any

matter when evaluating the merits of a motion for default judgment.

ROA.2267. Thereafter, Escalante timely filed her Notice of Appeal. ROA.2270.

## SUMMARY OF THE ARGUMENT

The District Court acted within its discretionary power in considering the evidence in the record in determining the parties' damages.

The District Court did not abuse its discretion in denying Escalante's Motion to Alter or Amend the Judgment because the arguments raised in the motion were either a rehash of arguments made before judgment or new arguments which could have been made before the entry of judgment. Escalante does not claim manifest injustice or new evidence.

The District Court did not abuse its discretion in denying Escalante's Motion for New Trial because a Rule 59(a) Motion for New Trial does not apply when there was no trial. Regardless, Escalante waived her right to jury trial when she urged the Court to make a ruling "as expeditiously as possible" so that she could file her claim with Spirit's receiver before the October 31, 2020 deadline.

## STANDARD OF REVIEW

The Court reviews the District Court's entry of a default judgment for abuse of discretion. *Sindhi v. Raina,* 905 F.3d 327 (5th Cir. 2018). Factual determinations

that support the District Court's default decision are reviewed for clear error. *Id.* (quoting *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000)).

The Court also reviews a District Court's denial of a Rule 59(e) motion to alter or amend the judgment for abuse of discretion. *T. B. by & through Bell v. Northwest Independent School District.*, 980 F.3d 1047, 1051 (5th Cir. 2020). A Rule 59(e) motion is not the place to advance legal theories or arguments that could have been raised before the entry of judgment. *Templet v. HydroChem, Inc.*, 367 F.3d 473, 178-79 (5th Cir. 2004). A motion to alter or amend the judgment must establish either a manifest error of law or fact or must present newly discovered evidence. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). A Rule 59(e) motion is an "extraordinary remedy" that "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem, Inc.* 367 F.3d 473, 479 (5th Cir. 2004).

The Court reviews a District Court's denial of a motion for new trial for abuse of discretion. *Garriott v. NCsoft Corp.*, 661 F.3d 243, 248 (5th Cir. 2011); FED. R. CIV. P. 59(a). Rule 59(a) does not apply where no trial has taken place. *Hernandez v. Siemens Corporation,* 726 Fed.Appx. 267, 268 (5th Cir. 2018).

# ARGUMENT

**Issue One:** **Did the District Court abuse its discretion by denying Escalante's motion for default judgment based on Escalante's allegation that she was the common-law spouse of Omar White?**

The District Court's decision to grant a default judgment was not taken lightly.

The default judgment was at the request and agreement of all the parties. ROA.1898-1899. On November 6, 2019, the District Court ordered the parties to confer and file a joint advisory pertaining to Creekside's pending Motion to Withdraw and how the case should proceed if the motion were granted or denied. ROA.1879-1885. In its November 6, 2019 Order, the Court suggested alternatives, including a possible jury trial:

> What, then, do the parties propose the…Court do next?…The choices at this juncture appear to include, but are not necessarily limited to: (1) dismissal for want of jurisdiction, should the jurisdictional defects remain uncured; (2) properly supported motion(s) seeking default judgment and further proceedings on damages; (3) a jury trial at which Creekside will apparently lodge no defense; or (4) an agreed upon resolution of the dispute.

ROA.1884. The parties conferred and submitted the following plan as a group for moving the case forward:

> If [Creekside's] Motion to Withdraw is granted, the remaining parties to this litigation propose that they be given 30 days from the date the withdrawal is granted to file a properly supported motion seeking default judgment **and providing evidence in support of requested damages** in the event the default is granted.

12

ROA.1899. (emphasis added). The joint advisory suggested a jury trial only if Creekside's counsel were not permitted to withdraw. ROA.1899. Escalante's Application for Entry of Default and Default Judgment requested the **Court** to determine the amount of damages:

> A default against Creekside Logistics, LLC establishes its liability (upon default the well-pleaded allegations of the complaint related to liability are taken as true). . . . Causation is likewise admitted, if properly alleged in the complaint. In order to enter a judgment, however, the **Court must determine the amount of damages.**

ROA.1941. (citations omitted) (emphasis added). Escalante did not request that a jury determine the amount of damages.

On October 16, 2020, the District Court entered an order setting the motions for default judgment for hearing. ROA.2222. The District Court gave notice to the parties that the well-pleaded allegations in the complaint would **not** establish damages. ROA.2224. The Court stated

> "[A] party," however, "is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." . . . Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered." . . . When considering whether such basis is present, a court accepts as true the complaint's well-pleaded factual allegations—**except regarding damages**—and must determine whether those pleaded facts state a claim upon which relief can be granted.

ROA.2224. (emphasis added).

The District Court made it clear to both Plaintiff and Intervenors that they were to present evidence of damages at the October 23rd hearing. ROA.2226.

When considering a party's motion for default judgment, the court must accept well-pleaded allegations as true except regarding damages. *United States ex rel. M-Co Constr., Inc, v. Shipco Gen., Inc.*¸814 F.2d 1011, 1014 (5th Cir. 1987) (A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages.")

Fed. R. Civ. P. 55(b)(2)(C), (D) empowers the court to consider evidence or investigate any matter when evaluating the merits of a motion for default judgment. The Court evaluated the evidence and found that White was in a common-law marriage with Lidge as early as 2007 and they were never divorced. ROA.2246-2247. Since Texas law does not allow two simultaneous marriages, the alleged union of Escalante and White does not count as a marriage. ROA.2246-2247. Escalante makes no argument that the District Court's finding that Lidge is White's common-law spouse is not supported by the evidence or is against the great weight and preponderance of the evidence.

### Issue Two: Did the District Court abuse its discretion by denying Escalante's Rule 59 Motion to Alter or Amend Judgment or in the Alternative Motion for New Trial?

Escalante's Motion to Alter or Amend the Judgment asserted two arguments. First, she argued that the court was required to accept as true the allegations in her

pleadings concerning damages. ROA.2260-2261. This argument is a rehash of the argument considered before the default judgment. Prior to the hearing on her Motion for Default, the Court advised all parties that it would not take as true allegations in the pleadings regarding damages. ROA.2224-2225. Escalante acknowledged that the Court would determine the damages. ROA.1941. Further, Escalante failed to complain about the requirement that she present evidence to support her claim for wrongful death damages. Instead, she provided evidence to the Court. ROA.1940-1944.

Secondly, she argued that the Court should not have entered a default judgment at all if the judgment would prejudice Escalante, a non-defaulting party. ROA.2261. This argument was not made before the judgment. Escalante admitted that she had not briefed the issue of "what to do with competing claims and whether and to what extent the court has to pick one or the other." ROA.2295. Her post-judgment objection was contrary to the relief she sought before the judgment. Her Rule 59(e) motion suggested that the Court should not have entered a default judgment which prejudiced Escalante, however, Escalante had repeatedly requested expedited relief in the form a default judgment. Escalante has not alleged any manifest error of law or fact or newly discovered evidence that would justify a correction or alteration of the judgment. *Templet v. Hydrochem,* 367 F.3d 473, 47879 (5th Cir. 2004).

Escalante requested, in the alternative, a new trial because the Court did not empanel a jury to consider her damages. Rule 59(a) does not apply where no trial has taken place. *Hernandez v. Siemens Corporation,* 726 Fed. Appx. 267, 268 (5th Cir. 2018). Assuming that the District Court treated Escalante's Motion for New Trial as a motion under Rule 59(e), the Court did not abuse its discretion because Escalante's motion failed to establish either a manifest error of law or fact or newly discovered evidence. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). A Rule 59(e) motion is an "extraordinary remedy" that "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. Hydrochem*, 367 F.3d at 479.

A request for a jury trial on damages was not raised before the judgment. Escalante affirmatively requested the Court to enter a judgment prior to October 31, 2020, the deadline to file liquidated claims with Spirit's receiver. Escalante knew that there was no time before October 31, 2020 to schedule a jury trial and never suggested to the District Court that a jury was required. The request for a jury trial was not raised during the two hearings on the motions for default judgment. As such, Escalante waived any error in failing to empanel a jury for the determination of damages.

# CONCLUSION AND PRAYER

The Court should affirm the District Court's judgment.

Respectfully submitted,

*/s/ Michael Jacobellis*
Michael Jacobellis
Thomas J. Henry, P.L.L.C.
5711 University Heights Blvd.
Suite 101
San Antonio, Texas 78249
Phone: (210) 656-1000
Fax:    (800) 956-8001
mjacobellis-svc@thomasjhenrylaw.com
COUNSEL FOR INTERVENORS-APPELLEES

### CERTIFICATE OF SERVICE

I certify that on October 8, 2021, the foregoing document was served, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/, upon the following registered CM/ECF users:

Robert William Core                    Mikell A. West
Bandas Law Firm, P.C.                  Bandas Law Firm, P.C.
802 N. Carancahua Street, Ste. 1400    802 N. Carancahua Street, Ste. 1400
Corpus Christi, Texas 78401            Corpus Christi, Texas 78401

COUNSEL FOR PLAINTIFF-APPELLANT

Counsel also certifies that on October 8, 2021, the foregoing instrument was transmitted to Mr. Lyle W. Cayce, Clerk of the United States Court of Appeals for the Fifth Circuit, via the Court's CM/ECF Document Filing System, https://ecf.ca5.uscourts.gov/.

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with SentinelOne version 21.5.5.319 and is free of viruses.

*/s/ Michael Jacobellis*
Michael Jacobellis

# CERTIFICATE OF COMPLIANCE

With Type-Volume Limitation, Typeface Requirements,
and Type Style Requirements

This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because this brief contains 3,459 words, excluding the parts of the brief exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2019 for Windows in Times New Roman font 14-point type face.

*/s/ Michael Jacobellis*
Michael Jacobellis

COUNSEL FOR INTERVENOR-APPELLEE

Dated: October 8, 2021