# United States Court of Appeals
*for the*
# Fifth Circuit

Case No. 21-50097

LAURA ESCALANTE, Individually and for the benefit
of all wrongful death beneficiaries/heirs of Omar Miles White, Deceased,

*Plaintiff-Appellant,*

v.

BRANDY LIDGE, Individually and as next friend of Z.W.,

*Intervenor Plaintiff-Appellee,*

v.

CREEKSIDE LOGISTICS, L.L.C., doing business as Timber Transport, L.L.C.,

*Defendant-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS IN NO. 5:18-CV-116,
HONORABLE RICHARD BERNARD FARRER, U.S. MAGISTRATE JUDGE

**REPLY BRIEF FOR APPELLANT LAURA ESCALANTE**

ROBERT CLORE
MIKELL WEST
BANDAS LAW FIRM, P.C.
802 North Carancahua Street,
Suite 1400
Corpus Christi, Texas 78401
(361) 698-5200

*Attorneys for Appellant Laura Escalante*

TABLE OF CONTENTS

Table of Authorities ................................................................................................ ii

Introduction ...............................................................................................................1

Reply Argument ........................................................................................................1

I. Escalante established her status as common-law spouse, which is not the same as damages, through well-pleaded factual allegations. ....................................1

II. The district court reversibly erred in denying Escalante her right to trial by jury, which Escalante expressly requested and did not waive. .......................5

III. Lidge's procedural challenge to Escalante's post-judgment motion misapprehends the relief sought. ...................................................................8

Conclusion ...............................................................................................................10

Certificate of Compliance .......................................................................................11

Certificate of Service ..............................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679 (5th Cir. 2008) ................... 1

*Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728 (Tex. App.--Texarkana 1996, no writ) ................................................................................................................. 6

*Envirogen Techs., Inc. v. Maxim Constr. Corp.*, No. 14 C 2090, 2016 U.S. Dist. LEXIS 135344 (N.D. Ill. Sep. 30, 2016) ......................................................... 4, 5

*Flores v. Ethicon, Inc.*, 563 F. App'x 266 (4th Cir. 2014) ........................................ 9

*Garcia de Beck v. United States*, No. SA-11-CA-45-FB, 2012 U.S. Dist. LEXIS 193389 (W.D. Tex. 2012) ................................................................................ 2, 6

*Hernandez v. Siemens Corp.*, 726 F. App'x 267 (5th Cir. 2018) .............................. 9

*In re Flugence*, 738 F.3d 126 (5th Cir. 2013) .......................................................... 1

*Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67 (Tex. App.—San Antonio 2007, pet. denied) ................................................................................ 2, 6

*Quinonez-Saa v. State*, 860 S.W.2d 704 (Tex. App. —Houston [1st Dist.] 1993, pet. ref'd) ............................................................................................................. 6

*Roach v. Roach*, 672 S.W.2d 524 (Tex. App.—Amarillo 1984, no writ) ................ 6

*Shepherd v. Ledford*, 926 S.W.2d 405 (Tex. App—Fort Worth 1996), *aff'd and remanded*, 962 S.W.2d 28 (Tex. 1998) ............................................................... 3

*SPFM, L.P. v. Felix*, No. SA-16-CV-00179-XR, 2016 U.S. Dist. LEXIS 138940 (W.D. Tex. 2016) ................................................................................................ 2

*State v. Wolfe*, 2010-Ohio-4049, ¶ 12 (Ct. App.) ..................................................... 7

*United States ex rel. M-Co Constr., v. Shipco Gen., Inc.*, 814 F.2d 1011 (5th Cir. 1987) ................................................................................................................ 2, 6

*United States v. One 1988 Dodge Pickup,* 959 F.2d 37 (5th Cir. 1992) ................ 10

*Wooten v. McDonald Transit Assocs.*, 775 F.3d 689 (5th Cir. 2015) ....................... 8

**Statutes**

Tex. Civ. Prac. & Rem. Code 71.002 ....................................................................2

Tex. Civ. Prac. & Rem. Code § 71.004 ..................................................................1

Tex. Fam. Code § 2.401 .........................................................................................3

**Rules**

Fed. R. Civ. P. 55 ...................................................................................................8

Fed. R. Civ. P. 59 ...................................................................................................9

Fed. R. Civ. P. 60 ...................................................................................................8

**INTRODUCTION**

In dismissing Escalante's claims through her own motion for default judgment, the district court committed two manifest errors of law and thus abused its discretion. *See In re Flugence*, 738 F.3d 126, 129 (5th Cir. 2013) ("a district court by definition abuses its discretion when it makes an error of law"); *Advocare Int'l LP v. Horizon Labs., Inc.*, 524 F.3d 679, 690 (5th Cir. 2008) (denial of Rule 59(e) motion asserting manifest error reviewed for abuse of discretion). First, the court erred in disregarding Escalante's well-pleaded facts that she was the common-law wife of Omar White, and thus a wrongful death beneficiary under Tex. Civ. Prac. & Rem. Code § 71.004. To the extent the court was concerned that entering two default judgments was inconsistent with Texas law, any inequity should have been borne by the defaulting party, Creekside, and not Escalante, one of the non-defaulting parties. Second, the district court committed legal error by taking the case away from Escalante and conclusively resolving disputed evidence against her through her own motion for default. This error violates Escalante's constitutional right to trial by jury, which contrary to Lidge's argument, she requested and never waived.

**REPLY ARGUMENT**

**I. Escalante established her status as common-law spouse, which is not the same as damages, through well-pleaded factual allegations.**

Lidge's brief conflates damages with standing. Escalante's request for an evidentiary determination on the amount of damages was not an invitation for the

1

district court to dispose of her well-pleaded facts on standing—i.e., that she is the common-law spouse of White and therefore a wrongful death beneficiary. The Texas wrongful death statute distinguishes between damages (Texas Civil Practice and Remedies Code Section 71.002) and who may recover them (Section 71.004). Thus, while it is true that *damages* are not established by well-pleaded allegations, liability and standing are. *See United States ex rel. M-Co Constr., v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *SPFM, L.P. v. Felix*, No. SA-16-CV-00179-XR, 2016 U.S. Dist. LEXIS 138940, at *7 (W.D. Tex. 2016) ("[a] default causes all well-pleaded allegations of fact related to liability to be deemed admitted"); *Garcia de Beck v. United States*, No. SA-11-CA-45-FB, 2012 U.S. Dist. LEXIS 193389, at *27 (W.D. Tex. 2012) ("[a] defaulting party is deemed to have admitted all well-pleaded allegations of the complaint pertaining to liability"); *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 242 S.W.3d 67, 71-72 (Tex. App.—San Antonio 2007, pet. denied) (plaintiff's standing was admitted through default). Thus, Creekside's default amounted to an admission that Escalante was White's common-law spouse based on her well-pleaded facts.

Escalante proffered evidence on damages, including evidence demonstrating Escalante's loss of companionship and mental anguish in connection with the death of her husband. ROA.1942-44, 46-48, 2018-20. It was appropriate for the court to weigh this evidence on damages; but manifest legal error to weigh it against

2

Escalante and determine that she was not White's common-law wife, a fact that was already established by Creekside's default. The court was also clearly wrong in claiming that it need not accept Escalante's pleadings as true "when … those pleadings conflict with the *undisputed evidence of record*." ROA.2267 (emphasis added). The evidence was vigorously disputed in the record.[1] So much so that the court previously denied competing summary judgment motions because "the record presents genuine disputes of material fact regarding the establishment of informal marriages both between White and Lidge and between White and Escalante." ROA.44. There was nothing different in support of the motions for default judgment that would allow the court to conclude differently.

In her opening brief, Escalante asserted that to the extent her allegations and Lidge's appear in conflict, each operates independently against Creekside through its default and neither Escalante nor Lidge should be bound to each other's allegations by virtue Creekside's default. That is, if any party is to be the victim of Creekside's default, it should be Creekside. As Escalante acknowledged, there is

---

[1] Escalante produced considerable evidence that there was never a common-law marriage between Lidge and White, and that she alone was White's common-law wife. ROA.322-379, ROA.156-90. Further, as Escalante noted, Lidge did not present evidence of a proceeding to prove the existence of a common-law relationship within two years of the date of separation, creating a rebuttable presumption that Lidge and White did not enter into an agreement to be married. ROA.329 (citing Tex. Fam. Code § 2.401(b); *Shepherd v. Ledford*, 926 S.W.2d 405 (Tex. App—Fort Worth 1996), *aff'd and remanded*, 962 S.W.2d 28 (Tex. 1998)). Lidge presented no evidence of any such proceeding within the specified time period.

scant authority on this issue. The closest case—*Envirogen Techs., Inc. v. Maxim Constr. Corp.*, No. 14 C 2090, 2016 U.S. Dist. LEXIS 135344 (N.D. Ill. Sep. 30, 2016)—supports Escalante's position. In *Envirogen*, the district court entered two default judgments in favor of plaintiffs, Envirogen and the City of Crystal Lake, and against a corporate defendant, Maxim, after no attorney appeared on its behalf. Maxim sought to overturn the "inconsistent judgments because" the two plaintiffs' "well-pleaded allegations are mutually exclusive, yet the defaults require that both sets of allegations are accepted as true." *Id.* at *7. "Without citing any law, [the defendant] argue[d] that to be found doubly liable on the basis of inconsistent theories is unjust." *Id.*

The court resolved that double liability on the defaulting party is a more equitable result than dismissal of claims against a non-defaulting party:

> The Court is mindful of the fact that, in these convoluted circumstances, a double default that raises questions about internal consistency may seem to be particularly harsh. While the Seventh Circuit has disfavored entry of inconsistent default judgments where the inconsistency arises between *multiple* defendants, it has not addressed the issue of entering two possibly inconsistent default judgments against a single defendant. Even with regard to inconsistent judgments between multiple defendants, the Seventh Circuit has construed that restriction narrowly, suggesting that it is not interested in broadly curtailing the entry of default judgments beyond the specific set of circumstances it has already recognized. In short, there is no precedent in this Circuit mandating that a default judgment cannot be entered in the context of this case.

> Additionally, <u>*the Court recognizes that if the loss does not fall on Maxim it will be shifted to the City, which has patently done nothing wrong. The only equitable solution in this situation is to allocate the loss to the defaulting party rather than the active and compliant party*</u>.

*Id*. at *7-8 (emphasis added).

Lidge has no response to *Envirogen* and in fact does not attempt to distinguish it. There is no response. Under *Envirogen*, the district court unjustly and erroneously penalized one of the non-defaulting parties by disposing of her claims instead of saddling the defaulting party with any inequity. Besides ignoring *Envirogen*, Lidge cites no case that supports her position that a court may choose between plaintiffs moving for default judgment such that one of the non-defaulting parties, rather than the defaulting party, is penalized despite well-pleaded facts.

The district court reversibly erred in granting Lidge's motion for default while denying Escalante's, effectively dismissing Escalante's claims by ignoring her well-pleaded facts that establish her as a common-law spouse of White.

## II. The district court reversibly erred in denying Escalante her right to trial by jury, which Escalante expressly requested and did not waive.

Further, by using Escalante's own default judgment motion to weigh the evidence and dispose of her case, the court committed legal error by violating her right to trial by jury. Lidge is mistaken, Escalante expressly requested a jury trial. ROA.20, 26 ("Plaintiffs pray that this cause be *tried before a jury*, that Plaintiffs recover judgment of and from the Defendant, together with contribution and/or

5

indemnity, for the actual, compensatory, special, and additional damages in such a manner as the evidence may show and *the jury* may determine to be proper, together with the costs of suit, pre-judgment interest, post-judgment interest, and such other and further relief to which they may in law or in equity show themselves justly entitled."). She also never waived that right.

Asking for the court to rule on damages was not waiver because, again, damages and standing are not the same. Whereas liability and standing are established by well-pleaded facts, damages are not. *See Shipco Gen.*, 814 F.2d at 1014; *Garcia de Beck*, 2012 U.S. Dist. LEXIS 193389, at *27; *Paradigm*, 242 S.W.3d at 71-72. The court was simply incorrect in its belief that Escalante's status as a common-law spouse was purely a "legal issue" that should not be submitted "to a jury for determination." ROA.2267. Texas courts have consistently held that the determination of the existence of a common-law marriage is an issue of fact to be determined by the jury. *See Dalworth Trucking Co. v. Bulen*, 924 S.W.2d 728, 735 (Tex. App.—Texarkana 1996, no writ) (on appeal from a jury verdict, court noting that "[t]he existence or nonexistence of a common law marriage is a question of fact"); *Quinonez-Saa v. State*, 860 S.W.2d 704, 710 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd); *Roach v. Roach*, 672 S.W.2d 524,528 (Tex. App.—Amarillo 1984, no writ). Indeed, the district court previously recognized as much by denying Lidge's and Escalante's motions for summary judgment prior to Creekside's default

and finding a fact question on this very issue. ROA.443 ("the record presents genuine disputes of material fact regarding the establishment of informal marriages both between White and Lidge and between White and Escalante.").

Thus, Escalante's request for the court to determine damages was not a waiver of her right to trial by jury on liability or standing, which were already established. Nor was her request for the court to expedite default in *her favor* inconsistent with her post-judgment motion or her position on appeal. Contrary to Lidge's arguments, Escalante's post-judgment and appellate arguments are consistent with her pre-judgment arguments. During a pre-judgment hearing, Escalante's counsel asserted that despite potential inconsistency in judgments, the court could nevertheless enter default judgment for both plaintiffs, since that would only prejudice the defaulting party. ROA.2279. As Escalante's counsel explained, "they defaulted and they put themselves in this position. Neither of the parties have caused that." *Id*.

Escalante also did not waive anything by failing to anticipate the court's error. That is, she was not required to object to the possibility that the court might go beyond an evidentiary determination on damages and instead rule, despite well-pleaded facts by both parties, that the evidence established Lidge as the common-law wife instead of Escalante. *Cf. State v. Wolfe*, 2010-Ohio-4049, ¶ 12 (Ct. App.) ("A party is not required to anticipate error the court has yet to commit").

From a policy basis, if a plaintiff risks dismissal of her case and waiver of a

jury trial on her claims by moving for default judgment, it will have the unintended consequence of discouraging such motions despite a defendant's inaction. That would run afoul an objective behind allowing default judgments: to ensure "justice and expediency." *Wooten v. McDonald Transit Assocs.*, 775 F.3d 689, 693 (5th Cir. 2015). The court's ruling puts plaintiffs dealing with an unresponsive defendant in the unenviable position of choosing between allowing a case to languish on the docket, abandoning the case altogether, or waiving their right to a jury trial. The district court's determination of a disputed fact issue, properly reserved for the jury, was a manifest error of law that requires redress by this Court.

### III. Lidge's procedural challenge to Escalante's post-judgment motion misapprehends the relief sought.

As an afterthought, Lidge challenges the procedural vehicle used by Escalante to seek post-judgment review of the erroneous dismissal of Escalante's claims.[2] Following entry of judgment, Escalante moved for the court to alter or amend its judgment based on manifest error of law. ROA.2256, 2258-59. Instead of accepting Escalante's well-pleaded facts as true, as the court was bound to do in the face of Creekside's default, it disregarded them entirely and dismissed Escalante's claims

---

[2] Notably, while challenging the propriety of the motion, Lidge offers no suggestion of what motion she believes would have been appropriate. A motion to set aside the default pursuant to Fed. R. Civ. P. 55(c) and 60(b) would not have been proper motion as Escalante seeks relief not from a default judgment entered against her, but from the district court's order and judgment dismissing her claims in response to her Motion for Default Judgment.

*sua sponte*. In one fell swoop, the district court not only denied Escalante's requested relief, it denied her right to trial by jury with respect to any disputed issues of material fact. Escalante appropriately sought relief from this manifest error of law pursuant to Fed. R. Civ. P. 59(e); *Flores v. Ethicon, Inc.*, 563 F. App'x 266, 275 (4th Cir. 2014) ("[a] party seeking relief from dismissal may move for the court to alter or amend its judgment under Federal Rule 59(e) of Civil Procedure").

In the alternative, to the extent the district court conducted what was effectively a bench trial to resolve a disputed fact question on the decedent's common-law spouse (an issue it need not have resolved, *see Envirogen*, *supra*), Escalante appropriately sought relief in the form of a new trial before a jury. Lidge argues that a motion for new trial is inappropriate "where no trial has taken place," but her authority is inapposite. *See Hernandez v. Siemens Corp.*, 726 F. App'x 267, 269 (5th Cir. 2018). *Hernandez* involved a plaintiff's motion for new trial following dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a procedural dismissal in which no evidence or disputed facts were considered or resolved. Here, Escalante moved for new trial after a dismissal in which the district court made a factual finding on standing in favor of one plaintiff and against another in response to competing motions for default judgment.

To the extent this Court has previously held that a motion under Fed. R. Civ. P. 59(a) following a default judgment is properly considered as a motion under Fed.

R. Civ. P 59(e), Escalante sought such relief as her primary argument in her post-judgment motion before the district court. *See United States v. One 1988 Dodge Pickup,* 959 F.2d 37, 40 (5th Cir. 1992).

## CONCLUSION

Lidge presents no argument that diminishes Escalante's entitlement to relief. The district court committed reversible error in dismissing Escalante's claims through her own motion for default judgment and in making an evidentiary determination in conflict with Escalante's well-pleaded facts. This Court should set aside the trial court's judgment, render that Escalante is entitled to a default judgment against Creekside, and remand for a determination of Escalante's damages. In the alternative, the Court should set aside the trial court's judgment and remand this matter for a jury trial to resolve the disputed issue of material fact as to whether Escalante or Lidge is White's common-law spouse.

Respectfully submitted,

/s/ Robert William Clore
Robert W. Clore
Mikell A. West
Bandas Law Firm, P.C.
802 N. Carancahua, Suite 1400
Corpus Christi, Texas 78401
Tel: (361) 698-5200
Fax: (361) 698-5222
rclore@bandaslawfirm.com
mwest@bandaslawfirm.com

*Attorneys for Appellant Laura Escalante*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(A)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,485 words. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font and is double-spaced.

Dated: October 29, 2021             /s/ Robert William Clore
                                    Robert William Clore

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, I filed the foregoing Opening Brief via the CM/ECF filing system of the United States Court of Appeals for the Fifth Circuit; and, as a result, each counsel of record was given notice of and was served with an electronic copy of this Brief.

Upon acceptance by the Court of the e-filed document, 7 paper copies will be filed with the Court within the time provided in the Court's rules via Federal Express.

 /s/  Robert William Clore  
Robert William Clore
